JUDGE SULLIVAN 

LEV L. DASSIN
Acting United States Attorney for
the Southern District of New York
By: BARBARA A. WARD
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1048

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

  - v -

ONE BYZANTINE BRONZE POLYCANDELON, circa 6th Century A.D., listed as Lot No. 196 in Christie's "Antiquities Sale," June 8, 2007, New York, New York, and

ONE BYZANTINE MARBLE AND GLASS MOSAIC PANEL, circa 5th-6th Century A.D., listed as Lot No. 197 in Christie's "Antiquities Sale," June 8, 2007,

      Defendants in rem.

---



VERIFIED COMPLAINT

08 Civ.

Plaintiff United States of America, by its attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, for its Complaint alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1. This action is brought by the United States of America pursuant to 18 U.S.C. §§ 545 and 981(a)(1)(C), and 19 U.S.C. § 1595a(c), seeking the forfeiture of all right, title and interest in the following property:

>    ONE BYZANTINE BRONZE POLYCANDELON, circa 6th Century A.D., listed as Lot No. 196 in Christie's "Antiquities Sale," June 8, 2007, New York, New York (the "Polycandelon"), and
>
>    ONE BYZANTINE MARBLE AND GLASS MOSAIC PANEL, circa 5th-6th Century A.D., listed as Lot No. 197 in Christie's "Antiquities Sale," June 8, 2007 (the "Mosaic Panel"),

(collectively, the "Defendants in rem").

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

3.   Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York, and pursuant to 28 U.S.C. § 1395(b), because the Defendants in rem were seized in the Southern District of New York.

4.   The Defendants in rem are presently under the custody and control of the United States Department of Homeland Security, Immigration and Customs Enforcement, SAC New York Office, and are being stored in an appropriate facility in the Eastern District of New York.

## II.  PROBABLE CAUSE FOR FORFEITURE

5.   In or about December 2006, employees of Christie's Inc. ("Christie's") were contacted about a possible consignment of the Defendants in rem for Christie's upcoming antiquities auction.

6.   The consignor was represented to be "Advanced Industrial Technology Corporation Ltd." ("AITCO"), an investment company

located in Surrey, England, that had been buying Byzantine works of art over the last fifteen years and was thinking of selling off some of its stock.

7. AITCO and James Denney of AITCO were identified as the consignors of the Defendants in rem.

8. In or about January 2007, representatives of Christie's met with Denney in London regarding the possible consignment. During the meeting, Denney produced photographs of the Defendants in rem. Denney informed the Christie's representatives that the Defendants in rem were from the "Weismann Collection."

9. In or about March 2007, Denney provided Christie's with an affidavit purportedly establishing the provenance of each of the Defendants in rem. Each of the affidavits was dated March 2, 2007, and was signed by Arthur Martijn Brand ("Brand"), with an address in Amsterdam, the Netherlands.

10. According to the affidavits, each of the Defendants in rem was "kept in the 'WISEMANN' [sic] collection in Berlin, Germany, formerly belonging to [Brand's] grandmother since approximately the year 1930 until after her death in the year 1997," when ownership passed to Brand. In each affidavit, Brand stated that "I dispose of the [Defendant in rem] in favour of Mr. James MCKENZIE MORRISON DENNEY . . . Surrey . . ., England."

11. Christie's also obtained from Denney a document entitled "Provenance and Country of Origin Details," dated March 9, 2007,

and signed by "J.M.M. Denney" of "Aitco Ltd., c/o Mr. J.M.M. Denney," as "Owner" of the Defendants in rem. The document contains a certification above the signature that "the foregoing information is true and correct to the best of my knowledge and belief." For each of the Defendants in rem, the country of origin is listed as Turkey, and the provenance listed as "Wieseman Collection, Berlin, 1930s. By descent to Martijn Brand. Acquired by the current owner in 2002."

12. According to the official records of the Department of Homeland Security, Bureau of Customs and Border Protection (the "Customs Entry Summary"), the Defendants in rem were shipped from Amsterdam, the Netherlands; were imported into the United States through John F. Kennedy International Airport, Jamaica, New York, on or about March 28, 2007; and were to be delivered to Christie's.

13. The Customs records concerning the importation of the Defendants in rem also include a "Customs invoice" dated March 8, 2007 (the "Customs Invoice"). The Customs Invoice was signed by Denney and indicates that it was "Certified true and correct" by "J.M.M. Denney" of "Aitco Ltd., c/o Mr. J.M.M. Denney." The Customs Invoice lists the provenance of the Defendants in rem as from the "Wieseman Collection, Berlin, 1930s. By descent to Martijn Brand. Acquired by the current owner in 1979." The country of origin of the Defendants in rem is listed as Turkey.

14. In a subsequent interview with the Metropolitan Police in London, England, Brand admitted that he had not owned the Defendants in rem but had provided false statements of provenance to facilitate their importation into the United States for auction at Christie's. Brand said that "Wiesemann" was the name of his family's art and antiquities collection, and that he had allowed AITCO to represent that the Defendants in rem were part of that collection when in fact they were not.

15. According to Brand, the Polycandelon was not from Turkey, but had been illegally smuggled out of Yugoslavia in pieces in approximately 2003 or 2004 and reassembled in the London metropolitan area. Brand said that the Mosaic Panel was part of a larger mosaic piece and had been smuggled out of Turkey in approximately 2001 or 2002.

16. On April 14, 2008, the Honorable James C. Francis IV, United States Magistrate Judge for the Southern District of New York, issued a seizure warrant for the Defendants in rem.

17. On or about April 15, 2008, Special Agents of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") executed the seizure warrant and seized the Defendants in rem.

18. The Pro Forma Invoice filed by Christie's Art Transport in connection with the importation of the Defendant Property into

the United States indicated the value of the Polycandelon as $75,000 and the Mosaic Panel as $125,000.

### III. FIRST CLAIM FOR FORFEITURE

19. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through eighteen of this Verified Complaint.

20. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . 542, 545 . . . ."

21. Title 18, United States Code, Section 542, provides in relevant part that:

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; . . .

violates the law.

22. Title 18, United States Code, Section 545, provides in relevant part:

> Whoever fraudulently or knowingly imports or brings into the United States any merchandise contrary to law, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law

violates the law.

## IV.   SECOND CLAIM FOR FORFEITURE

23. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through twenty-two of this Verified Complaint.

24. The Defendants in rem are subject to seizure and forfeiture pursuant to 18 U.S.C. § 545, which subjects to forfeiture "merchandise introduced into the United States in violation of this section."

## V.   THIRD CLAIM FOR FORFEITURE

25. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through twenty-four of this Verified Complaint.

26. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in Section 1956(c)(7) of [title 18]), or a conspiracy to commit such offense," is subject to forfeiture to the United States.

27. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1)(B) lists, among other offenses, violations of Title 18, United States Code, Section 2314.

28. Title 18, United States Code, Section 2314 provides that "[w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud" shall be subject to criminal penalties.

## VI.   FOURTH CLAIM FOR FORFEITURE

29. Plaintiff repeats, realleges and incorporates by reference herein each and every allegation contained in paragraphs one through twenty-eight of this Verified Complaint.

30. Title 19, United States Code, Section 1595a(c) provides in pertinent part that:

> Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:
>
> (1) The merchandise shall be seized and forfeited if it --
>
> (A) is stolen, smuggled, or clandestinely imported or introduced.

8

WHEREFORE, plaintiff United States of America prays that process be issued to seize and enforce the forfeiture of the Defendants in rem and that all persons having an interest in the Defendants in rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture to the Defendants in rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        December 3, 2008

>                     LEV L. DASSIN
>                     Acting United States Attorney for
>                     the Southern District of New York
>                     Attorney for the Plaintiff
>                     United States of America
>
> By:   /s/ Barbara A. Ward
>       _____
>       BARBARA A. WARD
>       Assistant United States Attorney

## VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          )  ss:
SOUTHERN DISTRICT OF NEW YORK )

BRENTON EASTER, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, and as such has responsibility for the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are official records and files of the United States and information obtained directly by deponent during an investigation of alleged violations of Titles 18 and 19, United States Code.

*[signature]*
BRENTON EASTER
Special Agent
United States Department of
Homeland Security, Immigration
and Customs Enforcement

Sworn to before me this
3rd day of December, 2008:

*[signature]*
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010